NicholsoN, C. J.,
delivered the opinion of the court.
On the 29th of May, 1871, Fellows filed his attachment bill' in the Second Chancery Court of Memphis against Cook as a non-resident, alleging an indebtedness of about $5,000. The attachment was returned on the 29th of May, 1871, levied on two lots in Memphis. On the same day the clerk and master made an order of publication against Cook, requiring him to appear on the first Monday in July and answer, etc. At the September Rules, 1871, upon proof of publication, the bill was taken for confessed. On the 23d of January, 1872, final decree was made for $6,246, arid the lots' levied on ordered to be sold. On the 21st of March, 1872, Cook moved the court to set aside the pro oonfesso and the final decree, upon the ground that the publication made requiring him to appear at July Rules and answer, was premature and in violation of the rules of the Chancery Court at Memphis. The Chancellor overruled the motion, whereupon defendant appealed.
The rule of the court on which defendant relied in support of his motion, is as follows: “Any process, other than final, now returnable by law on the first day of the term only, may hereafter, at the option of the party issuing the same, be made returnable at the next ensuing, or some future rule day.”
This rule is not in conflict with secs. 4352-3-4 of the Code. By these sections, personal service is dispensed with in the court of chancery; where the defendant is a non-resident of the State, etc.; where *83 the facts are stated under oath, in the bill, or by separate affidavit, or appear by the return. “And in such case, if the defendant does not cause his appearance to be entered, the clerk, as soon as the necessary affidavit is made, shall enter upon the rule docket an order requiring the defendant to appear at a certain day therein named, being a rulé day, and defend, or otherwise the bill will be taken for confessed.”
The chancery rule not only makes process, provided, for in sec. 4352, returnable on a rule day, but makes it discretionary with the party issuing it to have all other process, except that which is final, returnable on a rule day.
In the ease before us, the directions prescribed in sec. 4354 have been strictly complied with. The return of the sheriff was made on the 29th of May, 1871, and the final decree was made on the 23d of January, 1872, which was giving a stay of more than six months, in pursuance of sec. 3527 of the Code.
By sec. 3529, defendant was entitled to make an application at any time within twelve months to set aside the judgment or decree by default; and, upon good cause shown, the Chancellor was authorized to set aside the default and permit him to make defense. His application was made in time, but the only cause shown for setting aside the decree, was that the pro eonfesso was prematurely taken. But we have seen that this was not a good cause for the application. There was, therefore, no error in the refusal of the Chancellor to grant his application.
The decree of the Chancellor is affirmed.